**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re:

PARTY CITY HOLDCO, INC. *et al.*,[1]

       Debtor,

_____

CRAIG SMITH, CURTIS DEAN, EDGAR
MENDOZA, HARSHIL PATEL, HEATHER
CAMPBELL, HYUN KIM, ISHITA
AHMED, JASON SAKOWSKI, JENNIFER
DIGIROLAMO, JENNIFER EHLERS,
JENSINE MAY DELA CRUZ, JESSICA
CLAMP, JESSICA SCHOENER, JOHN
NANTES, KALEIGH HORDOF, KAREN
TRACY, KARTIK KOLLURI, KATE
MCHALE, KELLY FITZGERALD, KEVIN
LAUTURNER, LAUREN PACINI, LISA
GENOVESE, LISA WILEY, LORAWN
DUPREE, MAREE WILLIAMS, MARIA
BARRAZA, MARK JACOBSON,
MAUREEN DONOHUE, MELISSA
LIBRANDI, MELISSA MUNZ, MICHAEL
STURHANN, NICOLE QUINLAN, NICOLE
SCHROEDER, NIENU ROY, PAMELA
WYMAN, PAULA HYLAND, PER
STERNER, POLINA LEWKOWICZ, ROBIN
ROBINSON, SABEEN AFZAL, SHARON
KEITH, TRAVIS OLSON, VAIBHAV JAIN,
VERONICA BECKETT, VINCENT
CLEARY, WALTER LINSLEY, YESENIA
FITZSIMMONS, ALEXANDRA
CAPPELLO, ALEXIA MILONE, ALISA
STEWART, ALYSSA LONGO, ANDREW

**Chapter 11
Bankruptcy Case No. 24-90621 (ARP)
Jointly Administered**

**Adv. Pro. No. _____-_____**

**CLASS ACTION ADVERSARY
PROCEEDING COMPLAINT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677. Debtors,

WARREN, ANGELA VAN DRUTEN, ANN
KEHOE, ASHLEY MONTES, ASHLEY
RUPPEL, ASIERRIA COLEMAN, BRENNA
PHELAN, CARMELLA ROMANIA,
CARYL KALMAN, CHARLES ROMERO,
CHELSEA FLECKER, and CORTNIE
TANGO, on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

PARTY CITY HOLDCO, INC., AMSCAN,
INC., AM-SOURCE, LLC, PARTY CITY
CORPORATION, PARTY CITY
HOLDINGS INC., PC INTERMEDIATE
HOLDINGS, INC., and TRISAR, INC.,

Defendants.

Plaintiffs Craig Smith, Curtis Dean, Edgar Mendoza, Harshil Patel, Heather Campbell,

Hyun Kim, Ishita Ahmed, Jason Sakowski, Jennifer DiGirolamo, Jennifer Ehlers, Jensine May

Dela Cruz, Jessica Clamp, Jessica Schoener, John Nantes, Kaleigh Hordof, Karen Tracy, Kartik

Kolluri, Kate McHale, Kelly Fitzgerald, Kevin Lauturner, Lauren Pacini, Lisa Genovese, Lisa

Wiley, Lorawn Dupree, Maree Williams, Maria Barraza, Mark Jacobson, Maureen Donohue,

Melissa Librandi, Melissa Munz, Michael Sturhann, Nicole Quinlan, Nicole Schroeder, Nienu

Roy, Pamela Wyman, Paula Hyland, Per Sterner, Polina Lewkowicz, Robin Robinson, Sabeen

Afzal, Sharon Keith, Travis Olson, Vaibhav Jain, Veronica Beckett, Vincent Cleary, Walter

Linsley, Yesenia Fitzsimmons, Alexandra Cappello, Alexia Milone, Alisa Stewart, Alyssa

Longo, Andrew Warren, Angela Van Druten, Ann Kehoe, Ashley Montes, Ashley Ruppel,

Asierria Coleman, Brenna Phelan, Carmella Romania, Caryl Kalman, Charles Romero, Chelsea

Flecker, and Cortnie Tango, ("Plaintiffs"), individually and on behalf of all others similarly

situated, upon personal knowledge as to themselves, and upon information and belief as to all other matters, allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and §2104(a)(5).

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

<u>**NATURE OF THE ACTION**</u>

3.      Plaintiffs bring this action pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("US WARN Act") and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A. 34:21-1 *et seq.*, as amended, ("NJ WARN ACT") (collectively the "WARN Acts") on behalf of themselves individually and on behalf of similarly situated individuals who were employed by Defendants Party City Holdco, Inc., Amscan, Inc., Am-Source, LLC, Party City Corporation, Party City Holdings Inc., PC Intermediate Holdings, Inc., and Trisar, Inc. (collectively "Defendants") and whom Defendants laid off as part of a mass layoff or plant closing—on or about December 20, 2024—without the statutorily required notice and/or compensation (the "Putative Class Members").

4.      Defendants assigned each of the Plaintiffs and Putative Class Members to their Woodcliff Lake, New Jersey headquarters.  All of the Plaintiffs and Putative Class Members reported to, and received assignments from, the Defendants' Woodcliff Lake, New Jersey headquarters.  Most of the Plaintiffs and Putative Class Members worked in-person in Woodcliff Lake and a few of the Plaintiffs and Putative Class Members remoted into the Woodcliff Lake headquarters.

3

5.      Although Defendants knew that they intended to lay off approximately 400 employees who were assigned to their Woodcliff Lake headquarters on December 20, 2024, they not only failed to give Plaintiffs and the Putative Class Members notice as required by the US WARN Act, they also failed to give Plaintiffs and the Putative Class Members any notice that they would be laid off and failed to pay them any compensation in lieu of notice.

6.      Likewise Defendants failed to give Plaintiffs and the Putative Class Members ninety days notice of the mass layoff/termination of operations as required by the NJ WARN Act.  Furthermore, Defendants failed to pay Plaintiffs and the Putative Class Members any severance in violation of the NJ WARN Act.  (N.J.S.A. 34:21-2.)

7.      Plaintiffs are seeking sixty days wages and pension and other ERISA contributions in lieu of notice for themselves and the Putative Class Members pursuant to the US WARN Act.  Plaintiffs also seek severance of one week of pay for each year of employment and—because Defendants failed to provide the statutory ninety days notice—an additional four weeks as required by the NJ WARN Act, for themselves and Putative Class Members. Furthermore, pursuant to New Jersey's Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*., Plaintiffs seek liquidated damages in the amount of 200 per cent of the unpaid severance to themselves and the members of the Putative Class.

## THE PARTIES

### *Plaintiffs*

8.      Plaintiff Craig Smith ("Smith") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Smith as a Senior Manager Store Systems Execution at their Headquarters in Woodcliff Lake, New Jersey.

9.     Defendants employed Plaintiff Smith from June 8, 2018, until they terminated Plaintiff Smith's employment on December 20, 2024 as part of a mass layoff or termination of operations.

10.     Defendants did not provide Plaintiff Smith with any advance notice of the termination and did not pay Plaintiff Smith any severance or compensation in lieu of notice.

11.     Plaintiff Curtis Dean ("Dean") is an individual residing in the State of Nevada. Defendants employed Plaintiff Dean as a Senior Store Presentation Manager.  Plaintiff Dean worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

12.     Defendants employed Plaintiff Dean from July 1, 2014, until they terminated Plaintiff Dean's employment on December 20, 2024 as part of a mass layoff or termination of operations.

13.     Defendants did not provide Plaintiff Dean with any advance notice of the termination and did not pay Plaintiff Dean any severance or compensation in lieu of notice.

14.     Plaintiff Edgar Mendoza ("Mendoza") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Mendoza as a Senior Counsel at their Headquarters in Woodcliff Lake, New Jersey.

15.     Defendants employed Plaintiff Mendoza from July 10, 2023, until they terminated Plaintiff Mendoza's employment on December 20, 2024 as part of a mass layoff or termination of operations.

16.     Defendants did not provide Plaintiff Mendoza with any advance notice of the termination and did not pay Plaintiff Mendoza any severance or compensation in lieu of notice.

17.     Plaintiff Harshil Patel ("Patel") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Patel as a Director of e-commerce at their Headquarters in Woodcliff Lake, New Jersey.

18.     Defendants employed Plaintiff Patel from April 7, 2014, until they terminated Plaintiff Patel's employment on December 20, 2024 as part of a mass layoff or termination of operations.

19.     Defendants did not provide Plaintiff Patel with <u>any</u> advance notice of the termination and did not pay Plaintiff Patel <u>any</u> severance or compensation in lieu of notice.

20.     Plaintiff Heather Campbell ("Campbell") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Campbell as a Senior Floorplan Analyst at their Headquarters in Woodcliff Lake, New Jersey.

21.     Defendants employed Plaintiff Campbell from January 4, 2021, until they terminated Plaintiff Campbell's employment on December 20, 2024 as part of a mass layoff or termination of operations.

22.     Defendants did not provide Plaintiff Campbell with <u>any</u> advance notice of the termination and did not pay Plaintiff Campbell <u>any</u> severance or compensation in lieu of notice.

23.     Plaintiff Hyun Kim ("Kim") is an individual residing in the State of Georgia. Defendants employed Plaintiff Kim as a Senior Manager CRM.  Plaintiff Kim worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

24.     Defendants employed Plaintiff Kim from May 10, 2021, until they terminated Plaintiff Kim's employment on December 20, 2024, as part of a mass layoff or termination of operations.

25.     Defendants did not provide Plaintiff Kim with <u>any</u> advance notice of the termination and did not pay Plaintiff Kim <u>any</u> severance or compensation in lieu of notice.

26.     Plaintiff Ishita Ahmed ("Ahmed") is an individual residing in the State of North Carolina.  Defendants employed Plaintiff Ahmed as a VP, Head of Customer Strategy.  Plaintiff Ahmed worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

27.     Defendants employed Plaintiff Ahmed from June 10, 2024, until they terminated Plaintiff Ahmed's employment on December 20, 2024, as part of a mass layoff or termination of operations.

28.     Defendants did not provide Plaintiff Ahmed with <u>any</u> advance notice of the termination and did not pay Plaintiff Ahmed <u>any</u> severance or compensation in lieu of notice.

29.     Plaintiff Jason Sakowski ("Sakowski") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Sakowski as a Learning Experience Designer at their Headquarters in Woodcliff Lake, New Jersey.

30.     Defendants employed Plaintiff Sakowski from February 3, 2020, until they terminated Plaintiff Sakowski's employment on December 20, 2024 as part of a mass layoff or termination of operations.

31.     Defendants did not provide Plaintiff Sakowski with <u>any</u> advance notice of the termination and did not pay Plaintiff Sakowski <u>any</u> severance or compensation in lieu of notice.

32.     Plaintiff Jennifer DiGirolamo ("DiGirolamo") is an individual residing in the State of New York.  Defendants employed Plaintiff DiGirolamo as a Product Operations Manager at their Headquarters in Woodcliff Lake, New Jersey.

33.     Defendants employed Plaintiff DiGirolamo from August 10, 2015, until they terminated Plaintiff DiGirolamo's employment on December 20, 2024 as part of a mass layoff or termination of operations.

34.     Defendants did not provide Plaintiff DiGirolamo with any advance notice of the termination and did not pay Plaintiff DiGirolamo any severance or compensation in lieu of notice.

35.     Plaintiff Jennifer Ehlers ("Ehlers") is an individual residing in the State of Connecticut.  Defendants employed Plaintiff Ehlers as a Manager, PR & Influencer Marketing at their Headquarters in Woodcliff Lake, New Jersey.

36.     Defendants employed Plaintiff Ehlers from March 25, 2024, until they terminated Plaintiff Ehlers's employment on December 20, 2024 as part of a mass layoff or termination of operations.

37.     Defendants did not provide Plaintiff Ehlers with any advance notice of the termination and did not pay Plaintiff Ehlers any severance or compensation in lieu of notice.

38.     Plaintiff Jensine May Dela Cruz ("Dela Cruz") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Dela Cruz as a Manager, PR & Influencer Marketing at their Headquarters in Woodcliff Lake, New Jersey.

39.     Defendants employed Plaintiff Dela Cruz from May 23, 2022, until they terminated Plaintiff Dela Cruz's employment on December 20, 2024 as part of a mass layoff or termination of operations.

40.     Defendants did not provide Plaintiff Dela Cruz with any advance notice of the termination and did not pay Plaintiff Dela Cruz any severance or compensation in lieu of notice.

41.     Plaintiff Jessica Clamp ("Clamp") is an individual residing in the County of Warren in the State of New Jersey.  Defendants employed Plaintiff Clamp as a Senior Planner, Sys Pres & Asgmt NG at their Headquarters in Woodcliff Lake, New Jersey.

42.     Defendants employed Plaintiff Clamp from September 27, 2011, until they terminated Plaintiff Clamp's employment on December 20, 2024 as part of a mass layoff or termination of operations.

43.     Defendants did not provide Plaintiff Clamp with any advance notice of the termination and did not pay Plaintiff Clamp any severance or compensation in lieu of notice.

44.     Plaintiff Jessica Schoener ("Schoener") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Schoener as a Licensing Coordinator at their Headquarters in Woodcliff Lake, New Jersey.

45.     Defendants employed Plaintiff Schoener from December 2, 2022, until they terminated Plaintiff Schoener's employment on December 20, 2024 as part of a mass layoff or termination of operations.

46.     Defendants did not provide Plaintiff Schoener with any advance notice of the termination and did not pay Plaintiff Schoener any severance or compensation in lieu of notice.

47.     Plaintiff John Nantes ("Nantes") is an individual residing in the State of New York.  Defendants employed Plaintiff Nantes as a Photographer at their Headquarters in Woodcliff Lake, New Jersey.

48.     Defendants employed Plaintiff Nantes from July 1, 2013, until they terminated Plaintiff Nantes's employment on December 20, 2024 as part of a mass layoff or termination of operations.

49.     Defendants did not provide Plaintiff Nantes with <u>any</u> advance notice of the termination and did not pay Plaintiff Nantes <u>any</u> severance or compensation in lieu of notice.

50.     Plaintiff Kaleigh Hordof ("Hordof") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Hordof as an Associate Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

51.     Defendants employed Plaintiff Hordof from March 18, 2002, until they terminated Plaintiff Hordof's employment on December 20, 2024 as part of a mass layoff or termination of operations.

52.     Defendants did not provide Plaintiff Hordof with <u>any</u> advance notice of the termination and did not pay Plaintiff Hordof <u>any</u> severance or compensation in lieu of notice.

53.     Plaintiff Karen Tracy ("Tracy") is an individual residing in the County of Sussex in the State of New Jersey.  Defendants employed Plaintiff Tracy as a Senior Space Planner at their Headquarters in Woodcliff Lake, New Jersey.

54.     Defendants employed Plaintiff Tracy from May 23, 2022, until they terminated Plaintiff Tracy's employment on December 20, 2024 as part of a mass layoff or termination of operations.

55.     Defendants did not provide Plaintiff Tracy with <u>any</u> advance notice of the termination and did not pay Plaintiff Tracy <u>any</u> severance or compensation in lieu of notice.

56.     Plaintiff Kartik Kolluri ("Kolluri") is an individual residing in the County of Essex in the State of New Jersey.  Defendants employed Plaintiff Kolluri as a Director, Wholesale FP&A, at their Headquarters in Woodcliff Lake, New Jersey.

57.     Defendants employed Plaintiff Kolluri from June 20, 2023, until they terminated Plaintiff Kolluri's employment on December 20, 2024 as part of a mass layoff or termination of operations.

58.     Defendants did not provide Plaintiff Kolluri with <u>any</u> advance notice of the termination and did not pay Plaintiff Kolluri <u>any</u> severance or compensation in lieu of notice.

59.     Plaintiff Kate McHale ("McHale") is an individual residing in the State of New York.  Defendants employed Plaintiff McHale as a Merchandise Planner assigned to their Headquarters in Woodcliff Lake, New Jersey.

60.     Defendants employed Plaintiff McHale from June of 2021, until they terminated Plaintiff McHale's employment on December 20, 2024 as part of a mass layoff or termination of operations.

61.     Defendants did not provide Plaintiff McHale with <u>any</u> advance notice of the termination and did not pay Plaintiff McHale <u>any</u> severance or compensation in lieu of notice.

62.     Plaintiff Kelly Fitzgerald ("Fitzgerald") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Fitzgerald as a Sr. Manager, Internal Communications & Engagement at their Headquarters in Woodcliff Lake, New Jersey.

63.     Defendants employed Plaintiff Fitzgerald from January 29, 2024, until they terminated Plaintiff Fitzgerald's employment on December 20, 2024 as part of a mass layoff or termination of operations.

64.     Defendants did not provide Plaintiff Fitzgerald with <u>any</u> advance notice of the termination and did not pay Plaintiff Fitzgerald <u>any</u> severance or compensation in lieu of notice.

65.     Plaintiff Kevin Lauturner ("Lauturner") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Lauturner as a Sr. Mgr, Product Quality & Compliance at their Headquarters in Woodcliff Lake, New Jersey.

66.     Defendants employed Plaintiff Lauturner from October 21, 2013, until they terminated Plaintiff Lauturner's employment on December 20, 2024 as part of a mass layoff or termination of operations.

67.     Defendants did not provide Plaintiff Lauturner with any advance notice of the termination and did not pay Plaintiff Lauturner any severance or compensation in lieu of notice.

68.     Plaintiff Lauren Pacini ("Pacini") is an individual residing in the State of California.  Defendants employed Plaintiff Pacini as an On-site Search Specialist.  Plaintiff Pacini worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

69.     Defendants employed Plaintiff Pacini from December 15, 2014, until they terminated Plaintiff Pacini's employment on December 20, 2024 as part of a mass layoff or termination of operations.

70.     Defendants did not provide Plaintiff Pacini with any advance notice of the termination and did not pay Plaintiff Pacini any severance or compensation in lieu of notice.

71.     Plaintiff Lisa Genovese ("Genovese") is an individual residing in the County of Warren in the State of New Jersey.  Defendants employed Plaintiff Genovese as a Sr Graphics Procurement Analyst at their Headquarters in Woodcliff Lake, New Jersey.

72.     Defendants employed Plaintiff Genovese from December 10, 2007, until they terminated Plaintiff Genovese's employment on December 20, 2024 as part of a mass layoff or termination of operations.

73.    Defendants did not provide Plaintiff Genovese with <u>any</u> advance notice of the termination and did not pay Plaintiff Genovese <u>any</u> severance or compensation in lieu of notice.

74.    Plaintiff Lisa Wiley ("Wiley") is an individual residing in the State of Georgia. Defendants employed Plaintiff Wiley as a Graphics Procurement Analyst.  Plaintiff Wiley worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

75.    Defendants employed Plaintiff Wiley from July 31, 2018, until they terminated Plaintiff Wiley's employment on December 20, 2024 as part of a mass layoff or termination of operations.

76.    Defendants did not provide Plaintiff Wiley with <u>any</u> advance notice of the termination and did not pay Plaintiff Wiley <u>any</u> severance or compensation in lieu of notice.

77.    Plaintiff Lorawn Dupree ("Dupree") is an individual residing in the State of Pennsylvania.  Defendants employed Plaintiff Dupree as a Manager, HR, assigned to their Headquarters in Woodcliff Lake, New Jersey.

78.    Defendants employed Plaintiff Dupree from September 11, 2017, until they terminated Plaintiff Dupree's employment on December 20, 2024 as part of a mass layoff or termination of operations.

79.    Defendants did not provide Plaintiff Dupree with <u>any</u> advance notice of the termination and did not pay Plaintiff Dupree <u>any</u> severance or compensation in lieu of notice.

80.    Plaintiff Maree Williams ("Williams") is an individual residing in the County of Sussex in the State of New Jersey.  Defendants employed Plaintiff Williams as a Sr. Store Planner NextGen assigned to their Headquarters in Woodcliff Lake, New Jersey.

81.     Defendants employed Plaintiff Williams from July 22, 2005, until they terminated Plaintiff Williams's employment on December 20, 2024 as part of a mass layoff or termination of operations.

82.     Defendants did not provide Plaintiff Williams with <u>any</u> advance notice of the termination and did not pay Plaintiff Williams <u>any</u> severance or compensation in lieu of notice.

83.     Plaintiff Maria Barraza ("Barraza") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Barraza as an Assistant Manager, Integrated Marketing, at their Headquarters in Woodcliff Lake, New Jersey.

84.     Defendants employed Plaintiff Barraza from June 21, 2021, until they terminated Plaintiff Barraza's employment on December 20, 2024 as part of a mass layoff or termination of operations.

85.     Defendants did not provide Plaintiff Barraza with <u>any</u> advance notice of the termination and did not pay Plaintiff Barraza <u>any</u> severance or compensation in lieu of notice.

86.     Plaintiff Mark Jacobson ("Jacobson") is an individual residing in the County of Hudson in the State of New Jersey.  Defendants employed Plaintiff Jacobson as a Merchandise Planner at their Headquarters in Woodcliff Lake, New Jersey.

87.     Defendants employed Plaintiff Jacobson from May 22, 2023, until they terminated Plaintiff Jacobson's employment on December 20, 2024 as part of a mass layoff or termination of operations.

88.     Defendants did not provide Plaintiff Jacobson with <u>any</u> advance notice of the termination and did not pay Plaintiff Jacobson <u>any</u> severance or compensation in lieu of notice.

89.     Plaintiff Maureen Donohue ("Donohue") is an individual residing in the County of Passaic in the State of New Jersey.  Defendants employed Plaintiff Donohue as a Manager, Planograms & Analysis, at their Headquarters in Woodcliff Lake, New Jersey.

90.     Defendants employed Plaintiff Donohue from February 1, 2010, until they terminated Plaintiff Donohue's employment on December 20, 2024 as part of a mass layoff or termination of operations.

91.     Defendants did not provide Plaintiff Donohue with any advance notice of the termination and did not pay Plaintiff Donohue any severance or compensation in lieu of notice.

92.     Plaintiff Melissa Librandi, ("Librandi") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Librandi as a Director of Art Production at their Headquarters in Woodcliff Lake, New Jersey.

93.     Defendants employed Plaintiff Librandi from September 28, 2009, until they terminated Plaintiff Librandi's employment on December 20, 2024 as part of a mass layoff or termination of operations.

94.     Defendants did not provide Plaintiff Librandi with any advance notice of the termination and did not pay Plaintiff Librandi any severance or compensation in lieu of notice.

95.     Plaintiff Melissa Munz ("Munz") is an individual residing in the State of Florida. Defendants employed Plaintiff Munz as a Graphics Procurement Analyst.  Plaintiff Munz worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

96.     Defendants employed Plaintiff Munz from July 31, 2018, until they terminated Plaintiff Munz's employment on December 20, 2024 as part of a mass layoff or termination of operations.

97.     Defendants did not provide Plaintiff Munz with <u>any</u> advance notice of the termination and did not pay Plaintiff Munz <u>any</u> severance or compensation in lieu of notice.

98.     Plaintiff Michael Sturhann, ("Sturhann") is an individual residing in the County of Essex in the State of New Jersey.  Defendants employed Plaintiff Sturhann as a Manager of Graphics Procurement at their Headquarters in Woodcliff Lake, New Jersey.

99.     Defendants employed Plaintiff Sturhann from February 25, 2013, until they terminated Plaintiff Sturhann's employment on December 20, 2024 as part of a mass layoff or termination of operations.

100.     Defendants did not provide Plaintiff Sturhann with <u>any</u> advance notice of the termination and did not pay Plaintiff Sturhann <u>any</u> severance or compensation in lieu of notice.

101.     Plaintiff Nicole Quinlan, ("Quinlan") is an individual residing in the State of New York.  Defendants employed Plaintiff Quinlan as a Manager, Solution Service and Policy Administration, at their Headquarters in Woodcliff Lake, New Jersey.

102.     Defendants employed Plaintiff Quinlan from October 30, 2006, until they terminated Plaintiff Quinlan's employment on December 20, 2024 as part of a mass layoff or termination of operations.

103.     Defendants did not provide Plaintiff Quinlan with <u>any</u> advance notice of the termination and did not pay Plaintiff Quinlan <u>any</u> severance or compensation in lieu of notice.

104.     Plaintiff Nicole Schroeder, ("Schroeder") is an individual residing in the State of New York.  Defendants employed Plaintiff Schroeder as an Associate Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

105.    Defendants employed Plaintiff Schroeder from April 26, 2021, until they terminated Plaintiff Schroeder's employment on December 20, 2024 as part of a mass layoff or termination of operations.

106.    Defendants did not provide Plaintiff Schroeder with any advance notice of the termination and did not pay Plaintiff Schroeder any severance or compensation in lieu of notice.

107.    Plaintiff Nienu Roy ("Roy") is an individual residing in the State of Texas. Defendants employed Plaintiff Roy as a Manager, Digital Product.  Plaintiff Roy worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

108.    Defendants employed Plaintiff Roy from April 25, 2022, until they terminated Plaintiff Roy's employment on December 20, 2024 as part of a mass layoff or termination of operations.

109.    Defendants did not provide Plaintiff Roy with any advance notice of the termination and did not pay Plaintiff Roy any severance or compensation in lieu of notice.

110.    Plaintiff Pamela Wyman ("Wyman") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Wyman as a Senior Planner System/Process Resets/Senior Floor Planner at their Headquarters in Woodcliff Lake, New Jersey.

111.    Defendants employed Plaintiff Wyman from June 17, 2002, until they terminated Plaintiff Wyman's employment on December 20, 2024 as part of a mass layoff or termination of operations.

112.    Defendants did not provide Plaintiff Wyman with any advance notice of the termination and did not pay Plaintiff Wyman any severance or compensation in lieu of notice.

113.    Plaintiff Paula Hyland ("Hyland") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Hyland as a Senior Manager, Floor Planning & Analytics, at their Headquarters in Woodcliff Lake, New Jersey.

114.    Defendants employed Plaintiff Hyland from April 5, 2021, until they terminated Plaintiff Hyland's employment on December 20, 2024 as part of a mass layoff or termination of operations.

115.    Defendants did not provide Plaintiff Hyland with any advance notice of the termination and did not pay Plaintiff Hyland any severance or compensation in lieu of notice.

116.    Plaintiff Per Sterner ("Sterner") is an individual residing in the State of New York.  Defendants employed Plaintiff Sterner as a Senior Director of Business Systems at their Headquarters in Woodcliff Lake, New Jersey.

117.    Defendants employed Plaintiff Sterner from February 13, 2013, until they terminated Plaintiff Sterner's employment on December 20, 2024 as part of a mass layoff or termination of operations.

118.    Defendants did not provide Plaintiff Sterner with any advance notice of the termination and did not pay Plaintiff Sterner any severance or compensation in lieu of notice.

119.    Plaintiff Polina Lewkowicz ("Lewkowicz") is an individual residing in the State of Georgia.  Defendants employed Plaintiff Lewkowicz as a Manager, Customer Strategy. Plaintiff Lewkowicz worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

120.    Defendants employed Plaintiff Lewkowicz from July 26, 2021, until they terminated Plaintiff Lewkowicz's employment on December 20, 2024 as part of a mass layoff or termination of operations.

18

121.    Defendants did not provide Plaintiff Lewkowicz with <u>any</u> advance notice of the termination and did not pay Plaintiff Lewkowicz <u>any</u> severance or compensation in lieu of notice.

122.    Plaintiff Robin Robinson ("Robinson") is an individual residing in the State of Ohio.  Defendants employed Plaintiff Robinson as a Digital Product Owner.  Plaintiff Robinson worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

123.    Defendants employed Plaintiff Robinson from March 14, 2022, until they terminated Plaintiff Robinson's employment on December 20, 2024 as part of a mass layoff or termination of operations.

124.    Defendants did not provide Plaintiff Robinson with <u>any</u> advance notice of the termination and did not pay Plaintiff Robinson <u>any</u> severance or compensation in lieu of notice.

125.    Plaintiff Sabeen Afzal ("Afzal") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Afzal as a Digital Product Owner at their Headquarters in Woodcliff Lake, New Jersey.

126.    Defendants employed Plaintiff Afzal from February 1, 2022, until they terminated Plaintiff Afzal's employment on December 20, 2024 as part of a mass layoff or termination of operations.

127.    Defendants did not provide Plaintiff Afzal with <u>any</u> advance notice of the termination and did not pay Plaintiff Afzal <u>any</u> severance or compensation in lieu of notice.

128.    Plaintiff Sharon Keith ("Keith") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Keith as an Executive Assistant at their Headquarters in Woodcliff Lake, New Jersey.

129.     Defendants employed Plaintiff Keith from July 31, 2023, until they terminated Plaintiff Keith's employment on December 20, 2024 as part of a mass layoff or termination of operations.

130.     Defendants did not provide Plaintiff Keith with <u>any</u> advance notice of the termination and did not pay Plaintiff Keith <u>any</u> severance or compensation in lieu of notice.

131.     Plaintiff Travis Olson ("Olson") is an individual residing in the State of Texas. Defendants employed Plaintiff Olson as a Store Presentation Manager.  Plaintiff Olson worked remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

132.     Defendants employed Plaintiff Olson from August 20, 2018, until they terminated Plaintiff Olson's employment on December 20, 2024 as part of a mass layoff or termination of operations.

133.     Defendants did not provide Plaintiff Olson with <u>any</u> advance notice of the termination and did not pay Plaintiff Olson <u>any</u> severance or compensation in lieu of notice.

134.     Plaintiff Vaibhav Jain ("Jain") is an individual residing in the County of Monmouth in the State of New Jersey.  Defendants employed Plaintiff Jain as a Senior Director, E-commerce and Omni Technology, at their Headquarters in Woodcliff Lake, New Jersey.

135.     Defendants employed Plaintiff Jain from April 6, 2022, until they terminated Plaintiff Jain's employment on December 20, 2024 as part of a mass layoff or termination of operations.

136.     Defendants did not provide Plaintiff Jain with <u>any</u> advance notice of the termination and did not pay Plaintiff Jain <u>any</u> severance or compensation in lieu of notice.

137.    Plaintiff Veronica Beckett ("Beckett") is an individual residing in the County of Warren in the State of New Jersey.  Defendants employed Plaintiff Beckett as a Manager, Store Labor, Payroll and Planning, at their Headquarters in Woodcliff Lake, New Jersey.

138.    Defendants employed Plaintiff Beckett from June 18, 2018, until they terminated Plaintiff Beckett's employment on December 20, 2024 as part of a mass layoff or termination of operations.

139.    Defendants did not provide Plaintiff Beckett with <u>any</u> advance notice of the termination and did not pay Plaintiff Beckett <u>any</u> severance or compensation in lieu of notice.

140.    Plaintiff Vincent Cleary ("Cleary") is an individual residing in the State of New York.  Defendants employed Plaintiff Cleary as a Programmer/Developer at their Headquarters in Woodcliff Lake, New Jersey.

141.    Defendants employed Plaintiff Cleary from March 12, 2012, until they terminated Plaintiff Cleary's employment on December 20, 2024 as part of a mass layoff or termination of operations.

142.    Defendants did not provide Plaintiff Cleary with <u>any</u> advance notice of the termination and did not pay Plaintiff Cleary <u>any</u> severance or compensation in lieu of notice.

143.    Plaintiff Walter Linsley ("Linsley") is an individual residing in the State of Connecticut.  Defendants employed Plaintiff Linsley as an IT Project Manager at their Headquarters in Woodcliff Lake, New Jersey.

144.    Defendants employed Plaintiff Linsley from February 15, 1995, until they terminated Plaintiff Linsley's employment on December 20, 2024 as part of a mass layoff or termination of operations.

145.    Defendants did not provide Plaintiff Linsley with any advance notice of the termination and did not pay Plaintiff Linsley any severance or compensation in lieu of notice.

146.    Plaintiff Yesenia Fitzsimmons ("Fitzsimmons") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Fitzsimmons as a Sr. Planning Manager at their Headquarters in Woodcliff Lake, New Jersey.

147.    Defendants employed Plaintiff Fitzsimmons from May 6, 2019, until they terminated Plaintiff Fitzsimmons's employment on December 20, 2024 as part of a mass layoff or termination of operations.

148.    Defendants did not provide Plaintiff Fitzsimmons with any advance notice of the termination and did not pay Plaintiff Fitzsimmons any severance or compensation in lieu of notice.

149.    Plaintiff Alexandra Cappello ("Cappello") is an individual residing in the County of Hudson in the State of New Jersey.  Defendants employed Plaintiff Cappello as an E-commerce Merchandising Manager at their Headquarters in Woodcliff Lake, New Jersey.

150.    Defendants employed Plaintiff Cappello from June 30, 2014, until they terminated Plaintiff Cappello's employment on December 20, 2024 as part of a mass layoff or termination of operations.

151.    Defendants did not provide Plaintiff Cappello with any advance notice of the termination and did not pay Plaintiff Cappello any severance or compensation in lieu of notice.

152.    Plaintiff Alexia Milone ("Milone") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Milone as a Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

153.     Defendants employed Plaintiff Milone from September 21, 2021, until they terminated Plaintiff Milone's employment on December 20, 2024 as part of a mass layoff or termination of operations.

154.     Defendants did not provide Plaintiff Milone with any advance notice of the termination and did not pay Plaintiff Milone any severance or compensation in lieu of notice.

155.     Plaintiff Alisa Stewart ("Stewart") is an individual residing in the State of Florida. Plaintiff Stewart worked for Defendants remotely and reported to, and received assignments from, Defendants' Headquarters in Woodcliff Lake, New Jersey.

156.     Defendants employed Plaintiff Stewart from February 1, 2021, until they terminated Plaintiff Stewart's employment on December 20, 2024 as part of a mass layoff or termination of operations.

157.     Defendants did not provide Plaintiff Stewart with any advance notice of the termination and did not pay Plaintiff Stewart any severance or compensation in lieu of notice.

158.     Plaintiff Alyssa Longo ("Longo") is an individual residing in the State of New York.  Defendants employed Plaintiff Longo as an Associate Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

159.     Defendants employed Plaintiff Longo from May 20, 2022, until they terminated Plaintiff Longo's employment on December 20, 2024 as part of a mass layoff or termination of operations.

160.     Defendants did not provide Plaintiff Longo with any advance notice of the termination and did not pay Plaintiff Longo any severance or compensation in lieu of notice.

161.     Plaintiff Andrew Warren ("Warren") is an individual residing in the State of New York.  Defendants employed Plaintiff Warren as a Lead Developer at their Headquarters in Woodcliff Lake, New Jersey.

162.     Defendants employed Plaintiff Warren from September 12, 2012, until they terminated Plaintiff Warren's employment on December 20, 2024 as part of a mass layoff or termination of operations.

163.     Defendants did not provide Plaintiff Warren with any advance notice of the termination and did not pay Plaintiff Warren any severance or compensation in lieu of notice.

164.     Plaintiff Angela Van Druten ("Van Druten") is an individual residing in the County of Morris in the State of New Jersey.  Defendants employed Plaintiff Van Druten as an Associate Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

165.     Defendants employed Plaintiff Van Druten from June 14, 2021, until they terminated Plaintiff Van Druten's employment on December 20, 2024 as part of a mass layoff or termination of operations.

166.     Defendants did not provide Plaintiff Van Druten with any advance notice of the termination and did not pay Plaintiff Van Druten any severance or compensation in lieu of notice.

167.     Plaintiff Ann Kehoe ("Kehoe") is an individual residing in the State of Pennsylvania.  Defendants employed Plaintiff Kehoe as a Store Operations Coordinator at their Headquarters in Woodcliff Lake, New Jersey.

168.     Defendants employed Plaintiff Kehoe from March 19, 1999, until they terminated Plaintiff Kehoe's employment on December 20, 2024 as part of a mass layoff or termination of operations.

24

169.    Defendants did not provide Plaintiff Kehoe with any advance notice of the termination and did not pay Plaintiff Kehoe any severance or compensation in lieu of notice.

170.    Plaintiff Ashley Montes ("Montes") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Montes as an Associate Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

171.    Defendants employed Plaintiff Montes from September 28, 2020, until they terminated Plaintiff Montes's employment on December 20, 2024 as part of a mass layoff or termination of operations.

172.    Defendants did not provide Plaintiff Montes with any advance notice of the termination and did not pay Plaintiff Montes any severance or compensation in lieu of notice.

173.    Plaintiff Ashley Ruppel ("Ruppel") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Ruppel as a Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

174.    Defendants employed Plaintiff Ruppel from May 16, 2022, until they terminated Plaintiff Ruppel's employment on December 20, 2024 as part of a mass layoff or termination of operations.

175.    Defendants did not provide Plaintiff Ruppel with any advance notice of the termination and did not pay Plaintiff Ruppel any severance or compensation in lieu of notice.

176.    Plaintiff Asierria Coleman ("Coleman") is an individual residing in the County of Burlington in the State of New Jersey.  Defendants employed Plaintiff Coleman as a Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

177.    Defendants employed Plaintiff Coleman from October 19, 2020, until they terminated Plaintiff Coleman's employment on December 20, 2024 as part of a mass layoff or termination of operations.

178.    Defendants did not provide Plaintiff Coleman with <u>any</u> advance notice of the termination and did not pay Plaintiff Coleman <u>any</u> severance or compensation in lieu of notice.

179.    Plaintiff Brenna Phelan ("Phelan") is an individual residing in the State of New York.  Defendants employed Plaintiff Phelan as a Senior Director, Brand and Consumer Insights, assigned to their Headquarters in Woodcliff Lake, New Jersey.

180.    Defendants employed Plaintiff Phelan from June of 2021, until they terminated Plaintiff Phelan's employment on December 20, 2024 as part of a mass layoff or termination of operations.

181.    Defendants did not provide Plaintiff Phelan with <u>any</u> advance notice of the termination and did not pay Plaintiff Phelan <u>any</u> severance or compensation in lieu of notice.

182.    Plaintiff Carmella Romania ("Romania") is an individual residing in the County of Passaic in the State of New Jersey.  Defendants employed Plaintiff Romania as a Manager of Learning & Development, Field, at their Headquarters in Woodcliff Lake, New Jersey.

183.    Defendants employed Plaintiff Romania from July 12, 2010, until they terminated Plaintiff Romania's employment on December 20, 2024 as part of a mass layoff or termination of operations.

184.    Defendants did not provide Plaintiff Romania with <u>any</u> advance notice of the termination and did not pay Plaintiff Romania <u>any</u> severance or compensation in lieu of notice.

185.    Plaintiff Caryl Kalman ("Kalman") is an individual residing in the County of Essex in the State of New Jersey.  Defendants employed Plaintiff Kalman as an Inventory Planner at their Headquarters in Woodcliff Lake, New Jersey.

186.    Defendants employed Plaintiff Kalman from June 29, 2009, until they terminated Plaintiff Kalman's employment on December 20, 2024 as part of a mass layoff or termination of operations.

187.    Defendants did not provide Plaintiff Kalman with any advance notice of the termination and did not pay Plaintiff Kalman any severance or compensation in lieu of notice.

188.    Plaintiff Charles Romero ("Romero") is an individual residing in the County of Hudson in the State of New Jersey.  Defendants employed Plaintiff Romero as a Director Project Management Omni/Delivery at their Headquarters in Woodcliff Lake, New Jersey.

189.    Defendants employed Plaintiff Romero from September 19, 2022, until they terminated Plaintiff Romero's employment on December 20, 2024 as part of a mass layoff or termination of operations.

190.    Defendants did not provide Plaintiff Romero with any advance notice of the termination and did not pay Plaintiff Romero any severance or compensation in lieu of notice.

191.    Plaintiff Chelsea Flecker ("Flecker") is an individual residing in the County of Bergen in the State of New Jersey.  Defendants employed Plaintiff Flecker as an Associate Category Manager at their Headquarters in Woodcliff Lake, New Jersey.

192.    Defendants employed Plaintiff Flecker from March 21, 2022, until they terminated Plaintiff Flecker's employment on December 20, 2024 as part of a mass layoff or termination of operations.

193.    Defendants did not provide Plaintiff Flecker with <u>any</u> advance notice of the termination and did not pay Plaintiff Flecker <u>any</u> severance or compensation in lieu of notice.

194.    Plaintiff Cortnie Tango ("Tango") is an individual residing in the County of Union in the State of New Jersey.  Defendants employed Plaintiff Tango as a Senior Graphic Designer at their Headquarters in Woodcliff Lake, New Jersey.

195.    Defendants employed Plaintiff Tango from January 2008, until they terminated Plaintiff Tango's employment on December 20, 2024 as part of a mass layoff or termination of operations.

196.    Defendants did not provide Plaintiff Tango with <u>any</u> advance notice of the termination and did not pay Plaintiff Tango <u>any</u> severance or compensation in lieu of notice.

### ***Defendants***

197.    Defendants Party City Holdco, Inc., Amscan, Inc., Am-Source, LLC, Party City Corporation, Party City Holdings Inc., PC Intermediate Holdings, Inc., and Trisar, Inc. operate as a single enterprise as that term is defined in the regulations implementing the US WARN Act.

198.    Furthermore, Defendants Party City Holdco, Inc., Amscan, Inc., Am-Source, LLC, Party City Corporation, Party City Holdings Inc., PC Intermediate Holdings, Inc., and Trisar, Inc. each are Plaintiffs and the Putative Class' employers as that term is defined in the NJ WARN Act.  N.J.S.A 34:21-2(d).

199.    Defendants Party City Holdco, Inc., Amscan, Inc., Am-Source, LLC, Party City Corporation, Party City Holdings Inc., PC Intermediate Holdings, Inc., and Trisar, Inc. share a corporate headquarters located at 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

200.    On information and belief, the decision to terminate Plaintiffs and the Putative Class on December 20, 2024, without providing <u>any</u> notice was made jointly by Defendants

Party City Holdco, Inc., Amscan, Inc., Am-Source, LLC, Party City Corporation, Party City Holdings Inc., PC Intermediate Holdings, Inc., and Trisar, Inc.

201.    On information and belief, at all relevant times, Defendants shared (1) common ownership; (2) common officers and directors; (3) de facto exercise of control; (4) unity of personnel policies emanating from a common source; and (5) dependency of operations.

202.    Defendant Party City Holdco, Inc. is the ultimate parent of Amscan, Inc., Am-Source, LLC, Party City Corporation, Party City Holdings Inc., PC Intermediate Holdings, Inc., and Trisar, Inc.—each of which is a wholly owned subsidiary of Party City Holdco, Inc. or one of the other associated debtors.

203.    On December 21, 2024, one day after terminating Plaintiffs and the Putative Class, each of the Defendants filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Court has ordered joint administration of the Defendants bankruptcy cases.  (Bankr. No. 24-90621, ECF No. 4.)

## CLASS ACTION ALLEGATIONS RULE 7023

204.    Pursuant to Rule 7023 of the Federal Rules of Bankruptcy and Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring their claims on behalf of themselves and a class consisting of all persons who were employed by Defendants and worked at Defendants' Woodcliff Lake headquarters, either in-person or remotely (reporting to and receiving assignments from the Woodcliff Lake headquarters) and whose employment was terminated on or about December 20, 2024, without advance notice and without severance or compensation in lieu of notice (the "Putative Class").

205.    The members of the Putative Class are so numerous that joinder of all members is impracticable.

206.     Although the precise number of such employees is unknown—the facts on which the calculation of that number depends are presently within the sole control of Defendants—upon information and belief, the Putative Class contains approximately 400 individuals.

207.     Defendants have acted or have refused to act on grounds generally applicable to the Putative Class and each of the members of the Putative Class is entitled to the same relief.

208.     Common questions of law and fact exist as to the claims of the members of the Putative Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Defendants operated as a single employer in respect to the members of the Putative Class;

- Whether Defendants conducted a mass layoff and/or plant closing at their Woodcliff Lake headquarters on December 20, 2024 as those terms are defined in the US WARN Act ;

- Whether Defendants conducted a mass layoff and/or termination of operations at their Woodcliff Lake headquarters on December 20, 2024 as those terms are defined in the NJ WARN Act

- Whether the members of the Putative Class are affected employees as that term is defined in the US WARN Act;

- Whether Defendants knew in advance of terminating the employment of the members of the Putative Class that they would be conducting a mass layoff or plant closing/termination of operations;

- Whether Defendants provided the members of the Putative Class with the notice required by the US WARN Act and the NJ WARN Act (collectively the "WARN Acts");

- Whether Defendants owe the members of the Putative Class sixty days pay and benefits in compensation for their failure to provide the notice required by the US WARN Act;

- Whether Defendants provided the members of the Putative Class with the severance required by the NJ WARN Act; and

- Whether Defendants owe the members of the Putative Class four weeks of pay because of their failure to provide the notice required by the NJ WARN Act;

209.    The claims of the Plaintiffs are typical of the claims of the Putative Class they seek to represent.  Plaintiffs and all of the Putative Class members worked for Defendants at Defendants' Woodcliff Lake headquarters, either in-person or remotely (reporting to and receiving assignments from the Woodcliff Lake headquarters), and each of the Plaintiffs was terminated by Defendants as part of a mass layoff on December 20, 2024.

210.    Plaintiffs and the Putative Class members enjoy the same statutory rights under the WARN Acts.  Plaintiffs and the Putative Class members have all been injured by Defendants' violations of the WARN Acts.

211.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Putative Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Putative Class just as they would represent and consider their own interests.  Plaintiffs

31

understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Putative Class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Putative Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Putative Class members.

212.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Putative Class have been damaged and are entitled to recovery as a result of Defendants' violations of the WARN Acts. Although the relative damages suffered by individual Putative Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs, most of whom live in New Jersey or New York, are likely to lack the ability to pursue claims in bankruptcy court in Texas. In addition, class litigation is superior because it will obviate the need for unduly duplicative claims.

213.    The members of the Putative Class are easily identifiable from records that Defendants are required to maintain.

214.    On information and belief, Defendants' have records of the addresses and other contact information needed to provide notice to all members of the Putative Class.

215.    This action is properly maintainable as a class action under Rule 7023 of the Federal Rules of Bankruptcy and Federal Rule of Civil Procedure 23.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Violation of the US WARN Act,** 29 U.S.C. § 2101 *et seq.*

216.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

217.    At all relevant times, Defendants—operating as a single employer—employed more than 100 employees (not including part-time employees) at their Woodcliff Lake, Headquarters.

218.    At all relevant times, Defendants were each employers as that term is defined in the US WARN Act and continued to operate a business until it decided to conduct a mass layoff, as that term is defined in the US WARN Act.

219.    On December 20, 2024, Defendants provided each Plaintiff and the members of the Putative Class a one page letter stating that "Party City Holdings Inc. ("PCHI") has made the difficult decision to conduct a mass layoff at its Woodcliff Lake, New Jersey headquarters on December 20, 2024.  This mass layoff is expected to be permanent.  The expected date of the separation will be December 20, 2024."

220.    The letter went on to state that each individual's "position will be eliminated on December 20, 2024"—the same date on which each Plaintiff and member of the Putative Class received the letter.

221.    The letter that Plaintiffs and the Putative Class received on December 20, 2024— the date on which they were laid off—was the first notice of any kind that Defendants provided to Plaintiffs and the Putative Class of the mass layoff.

222.    The employment of Plaintiffs and the Putative Class members was terminated without cause on their part.

223.    Defendants laid off 400 employees on December 20, 2024, representing more than thirty-three percent of its work force at their Woodcliff Lake headquarters.

224.    Defendants knew in advance of December 20, 2024, that they would be conducting a mass layoff on that date.

225.    On December 10, 2024, Defendants informed Plaintiffs and the Putative Class that they would be working remotely "through the year end" and that they needed to let their ELT member know if they needed to be in the office on a specific date.  On information and belief, Defendants decided to keep Plaintiffs and Putative Class away from the office in preparation for the mass layoff and to prevent the chaos that might have occurred if everyone was working in the office when the layoff occurred.

226.    Plaintiffs and the Putative Class members are affected employees as that term is defined in the US WARN Act.  29 U.S.C. § 2104(a)(7).

227.    Defendants failed to pay Plaintiffs and the Putative Class members back pay for the sixty days notice that they did not receive.  Nor did Defendants pay benefits, including medical and pension benefits for the sixty day period.

## SECOND CLAIM FOR RELIEF
### Violation of the NJ WARN Act, N.J.S.A. 34:21-1 *et seq.*, as amended

228.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if set forth fully herein.

229.    Defendants have operated facilities in New Jersey for more than three years.  On November 20, 2013, Defendants registered their headquarters, which was then located in Rockaway, New Jersey, with the New Jersey Division of Commercial Recording.  This headquarters was subsequently transferred to Woodcliff Lake, New Jersey.

230.    Defendants conducted a mass layoff as defined by the NJ WARN Act, on or about December 20, 2024.

231.    Pursuant to the NJ WARN Act, Defendants were required to provide Plaintiffs and the Putative class with ninety days notice of a mass layoff.  In violation of the NJ WARN

Act, Defendants did not notify Plaintiffs and Putative Class until the date on which they were laid off.

232.    In violation of the NJ WARN Act, Defendants failed to pay Plaintiffs and the Putative Class members severance of one week of pay for each year of employment.

233.    In violation of the NJ WARN Act, despite failing to provide Plaintiffs and the Putative Class with advance notice of the mass layoff, Defendants failed to pay Plaintiffs and the Putative Class the four additional weeks of additional severance required by the NJ WARN Act.

234.     Because severance pay is wages, pursuant to the New Jersey Wage Payment Law, Plaintiffs and the Putative Class are owed 200 percent liquidated damages as a result of Defendant's failure to pay them the severance that they are owed.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for relief, individually and on behalf of the members of the Putative Class as follows:

(a) Certification of this proceeding as a class action pursuant to Rule 7023 of the Federal Rules of Bankruptcy and Rule 23 of the Federal Rules of Civil Procedure;

(b) Designation of Plaintiffs as Class Representatives and of their counsel as class counsel;

(c) An award of sixty days unpaid wages and benefits pursuant to the US WARN Act;

(d) An award of one week of severance for each year of employment plus four additional weeks of severance pursuant to the NJ WARN Act;

(e) An award liquidated damages pursuant to the New Jersey Wage Payment Law equal to 200 percent of the severance pay in (e) above pursuant to the New Jersey Wage Payment Law N.J.S.A. 34:11-4.1, et seq.;

(f) Treatment of the unpaid wages as an allowed priority claim pursuant to 11 US.C. § 507(a)(4) and (5) up to $15,150 and the remainder as a general unsecured claim or as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(a);

(g) Pursuant to the US and NJ WARN Acts, costs and expenses of this action, together with reasonable attorneys' fees;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further relief as this Court deems just and proper.


DATED: December 31, 2024                     Respectfully submitted,

                                             */s/ Steven R. Selsberg*
                                             Steven R. Selsberg
                                             **S. SELSBERG LAW, PLLC**
                                             steve@selsberglaw.com
                                             Texas Bar No. 18021550
                                             S.D. Texas Bar No. 9738
                                             3355 West Alabama, Suite 444
                                             Houston, Texas 77098
                                             Telephone: (832) 410-8515
                                             Facsimile: (832) 410-8515


                                             __ s/ David Harrison
                                             **HARRISON, HARRISON & ASSOC., LTD**
                                             David Harrison, Esq.
                                             dharrison@nynjemploymentlaw.com
                                             Julie Salwen, Esq.
                                             jsalwen@nynjemploymentlaw.com
                                             110 State Highway 35, 2nd Floor
                                             Red Bank, NJ  07701
                                             Telephone: 888-239-4410

                                             *Attorneys for Plaintiffs*


36