# UNITED STATES BAKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARTY CITY HOLDCO INC., *et al.*, | ) Case No. 24-90621 (ARP) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) |
| CRAIG SMITH, CURTIS BRADSHAW, DAWN CASALE, DONNA DALFONSO, EDGAR MENDOZA, HARSHIL PATEL, HYUN KIM, ISHITA AHMED, JASON SAKOWSKI, JENNIFER DIGIROLAMO, JENNIFER EHLERS, JENSINE MAY DELA CRUZ, JESSICA SCHOENER, JOHN MORRIS, JOHN NANTES, JOSEPH ORENGO, KALEIGH HORDOF, KARTIK KOLLURI, KATE MCHALE, KELLY FITZGERALD, KEVIN LAUTURNER, LARRY KIKUCHI, LAUREN PACINI, LISA WILEY, LORAWN DUPREE, MARIA BARRAZA, MARK COFONE, MARK JACOBSON, MARK METZINGER, MELISSA DINAPOLI, MELISSA LIBRANDI, MELISSA MUNZ, NICOLE CHMIELEWSKI, NICOLE QUINLAN, NICOLE SCHROEDER, NIENU ROY, PAMELA WYMAN, PER STERNER, POLINA LEWKOWICZ, ROBIN ROBINSON, RYAN PUTMAN, SABEEN AFZAL, SAMANTHA ACEVEDO, SANDRA KURUC, SHARON KEITH, SONIA GARZA, STEPHEN ANDREWS, TANIJUA MALCOLM-SARGEANT, TRAVIS OLSON, VAIBHAV JAIN, VERONICA BECKETT, VERONICA PALMISANO, VINCENT CLEARY, WALTER LINSLEY, YESENIA FITZSIMMONS, ALEXANDRA CAPPELLO, ALEXIA MILONE, ALISA STEWART, ALYSSA LONGO, ANDREW WARREN, ANGELA VAN DRUTEN, ASHLEY MONTES, ASHLEY RUPPEL, ASIERRIA COLEMAN, BRENNA PHELAN, CANDACE PICZON, CARMELLA ROMANIA, CHARLES ROMERO, CHELSEA | ) Adv. No. 24-03277 |

| | |
|---|---|
| FLECKER, COLLEEN CELMER, CORY MONGNO, and CORTNIE TANGO, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PARTY CITY HOLDCO, INC., AMSCAN, INC., AM-SOURCE, LLC, PARTY CITY CORPORATION, PARTY CITY HOLDINGS INC., PC INTERMEDIATE HOLDINGS, INC., and TRISAR, INC., | ) ) ) ) ) ) ) |
| Defendants | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' N.J. WARN ACT CLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. BANKR. P. 7012(b)**

**[Related to Docket No. 15]**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Defendants Party City Holdco, Inc. and its related debtors (collectively, "Defendants") hereby submit this *Motion to Dismiss Plaintiffs' N.J. WARN Act Claim for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b)* (the "Motion") and request the Court dismiss Plaintiff's NJ WARN Act claim. Accompanying this Motion and incorporated by reference is Defendants' *Brief in Support of Defendants' Motion to Dismiss Plaintiff's N.J. WARN Act Claim for Failure to State a Claim Pursuant to* F<small>ED</small>. R. C<small>IV</small>. P. *12(b)(6) and* F<small>ED</small>. R. B<small>ANKR</small>. P. *7012(b)* (the "Brief").

For the reasons set forth at length in the Brief, Plaintiffs' NJ WARN Act claim fails to state a claim upon which relief can be granted. Plaintiffs' NJ WARN Act claim fails as a matter of law because the place of employment from which Plaintiffs were laid off had ***not*** "been operated by

[Defendants] for a period longer than three years," and thus was not an "establishment," under the NJ WARN Act. *See* N.J.S.A. § 34:21-1. Rather, the earliest date Plaintiffs' worksite could have started business operations was in February 2022, and it was thus operating for less than three years at the time of Plaintiffs' employment termination. Separately, Plaintiffs' Complaint also pleads no facts showing the place of employment from which Plaintiffs were laid off had "been operated by [Defendants] for a period longer than three years." Plaintiffs' NJ WARN Act claim thus does not, and here can never, state a claim upon which relief must be granted and must be dismissed with prejudice.

## Requested Relief

For the foregoing reasons, and as set out in greater detail in the concurrently-filed Brief, Defendants respectfully request the Court dismiss Plaintiffs' NJ WARN Act in its entirety with prejudice for failure to state a claim upon which relief can be granted under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6).

Date: March 21, 2025

        Respectfully submitted,

        By: */s/ Brandon R. Sher*

        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
        Brandon R. Sher, Esq.
        Michael J. Westwood-Booth, Esq.

        10 Madison Avenue, Suite 400
        Morristown, New Jersey 07960
        Tel: (973) 656-1600
        Fax: (973) 656-1611
        *Attorneys Pro Hac Vice for Defendants*

        and

By: */s/ William Clareman*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
William Clareman, Esq.
Vida Robinson, Esq.
Theodore Furchtgott, Esq.
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
*Attorneys Pro Hac Vice for Defendants*

and

By: */s/ Megan Young-John*

**PORTER HEDGES, LLP**
John F. Higgins (TX Bar No. 09597500)
Aaron J. Power (TX Bar No. 24058058)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St. 36th Floor
Houston, Texas 77002
Tel: (713) 226-6000
Fax: (713) 228-1331

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 21st day of March, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Megan Young-John*
                                              Megan Young-John